ORIGINAL

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 18-2233-JAD |
|---|---|
| **PLAINTIFFS** Gerald S. Lepre, Jr. Jessica L. Weiss | **DEFENDANTS** Richard S. Ross |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Gerald S. Lepre, Jr. & Jessica L. Weiss 1922 Kenneth Avenue Arnold, PA 15068   1 (412) 526-7321 | **ATTORNEYS** (If Known) Donald R. Calaiaro, Esquire 428 Forbes Avenue, Suite 900 Pittsburgh, PA 15219 |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Fraud as a Fiduciary, Larceny, False Pretenses, False Representation, Actual Fraud ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||


$350.00 #14951

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Richard S. Ross | BANKRUPTCY CASE NO.<br>18-22598-JAD | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Pennsylvania | DIVISION OFFICE<br>Pittsburgh, Pennsylvania | NAME OF JUDGE<br>Jeffery A. Deller |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>December 11, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gerald S. Lepre, Jr.<br>Jessica L. Weiss | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| Richard S. Ross, | : | |
| | : | Bankruptcy No. <u>18-22598-JAD</u> |
| Debtor, | : | |
| | : | |
| _____ | : | |
| | : | |
| Gerald S. Lepre, Jr. and Jessica L. Weiss, | : | |
| | : | "JURY TRIAL DEMANDED" |
| Plaintiff(s), | : | |
| | : | |
| Vs. | : | |
| | : | |
| Richard S. Ross, | : | |
| | : | |
| Defendant. | : | Adversary No. 18-<u>2233-JAD</u> |

## ADVERSARY COMPLAINT

**AND NOW**, comes Plaintiff(s), Gerald S. Lepre, Jr. and Jessica L. Weiss, by and through the themselves, who file the within Adversary Complaint of which the following is a statement:

### PARTIES

1. Plaintiff, Gerald S. Lepre, Jr. ("Plaintiff"), is an adult individual, residing at 1922 Kenneth Avenue, Westmoreland County, Pennsylvania 15068.

2. Plaintiff, Jessica L. Weiss ("Plaintiff"), is an adult individual, residing at 1922 Kenneth Avenue, Westmoreland County, Pennsylvania 15068.

3. Defendant and Debtor, Richard S. Ross, is an adult individual residing at 109 Ashley Court, Allegheny County, Pennsylvania 15221.

### JURISDICTION AND VENUE

4. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and Title 11 of the United States Code (the "Bankruptcy Code").

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. In the event that any part of this adversary proceeding is found to be "noncore," Plaintiff consents to the entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

9. Plaintiff(s) hereby incorporate the foregoing paragraphs as if set-forth herein at length.

10. In July of 2018, Plaintiff(s), began looking to purchase a home on the border of Allegheny County, Pennsylvania.

11. Plaintiff(s) had no prior experience purchasing property and was/were first time homebuyers

12. Plaintiff, Gerald S. Lepre, Jr., contacted what he believed to be his friend and previous employer, Defendant Richard S. Ross, a practicing and licensed attorney, to inquire whether he may have known of any properties for sale within that area and within both Plaintiff(s) budgets.

13. Defendant, Richard S. Ross, advised Plaintiff(s) that he, himself and his wife, did have such a property for sale through his friend and Realtor, Robert T. Sonnenberg, a practicing and licensed attorney (hereafter "Sonnenberg"), for Berkshire Hathaway HomeServices the

2

Preferred Realty (hereafter "Berkshire"), in the Westmoreland County, Arnold, Pennsylvania area, which was located at: 1922 Kenneth Avenue, Arnold, Pennsylvania 15068.

14. The property at issue was fraudulently listed by Defendant Ross's for sale through Berkshire at approximately twenty-thousand dollars ($20,000.00).

15. Plaintiff(s) advised Defendant Ross's, Sonnenberg and Berkshire that thirteen-thousand dollars ($13,000.00) would be the only money within which they would be able to come up with for the purchase of the property at issue.

16. Through discussions with Defendant Ross's, Sonnenberg and Berkshire, Plaintiff(s) were fraudulently advised that the property at issue would be reduced to a sale price of twelve-thousand and five-hundred dollars ($12,500.00) to accommodate the Plaintiff(s) finances.

17. Plaintiff(s) believed in both Defendant Ross's and Sonnenberg's fraudulent and deceptive intentions as both parties made it known to Plaintiff(s) they were practicing attorneys and/or attorneys in fact actively licensed within this Commonwealth.

18. On or about August 1, 2017, Berkshire, fraudulently drafted a sales agreement for the property at six-thousand dollars ($6,000.00) to be paid to both Berkshire, Sonnenberg and Defendant Ross's for the sale of the property.

19. On or about the same time, Plaintiff(s) inquired into the sales agreement price six-thousand dollars ($6,000.00) considering the agreed to price with Defendant Ross's, Sonnenberg and Berkshire would be twelve-thousand and five-hundred dollars ($12,500.00).

20. Defendant Ross's and Sonnenberg advised Plaintiff(s) that they were attempting to work the mortgage company over and they needed a six-thousand five-hundred-dollar ($6,500.00) cushion in order to do so.

21. Plaintiff(s) advised Defendant Richard S. Ross this is all they money they had and, that, they would not be able to produce anymore for use during the closing of the sale on the property.

22. Property sales in the Arnold area where this property is located normally sell around ten-thousand dollars ($10,000.00).

23. Unbeknownst to the Plaintiff(s) at the time, Defendant Ross's had an outstanding mortgage of eighty-six thousand, three-hundred, forty-nine dollars and eighty-two cents ($86,349.82) on the property at issue.

24. Defendant Richard S. Ross and Defendant Ross Law, LLC, fraudulently advised both Plaintiff(s) they would not have to worry about coming up with any more additional sums of money regarding the sale and that they would act as their attorney of record in the sale and in the closing.

25. Plaintiff Gerald S. Lepre, Jr., questioned whether or not that Defendant Richard S. Ross and/or Ross Law, LLC, would be able to act as Plaintiff(s) attorney of record throughout this sale and/or transaction and Defendant Richard S. Ross and/or Ross Law, LLC, fraudulently assured Plaintiff(s) there were no conflicts of interest.

26. At no time relative hereto, have Plaintiff(s) intelligently waived any conflict.

27. As a result, both Plaintiff(s) believed that Defendant Richard S. Ross and Defendant Ross Law, LLC, were acting as their counsel throughout this transaction.

28. On or about August 2, 2017, unbeknownst to both Plaintiff(s), executed the fraudulent sales agreement, for the property at issue.

29. On or about August 23, 2017, Defendant Ross's executed the fraudulent sales agreement for the property at issue.

4

30. During the course of the sale of the property at issue, Defendant Ross's, Sonnenberg and Berkshire demanded, in lieu of a check tendered payment, of twelve-thousand and five-hundred dollars ($12,500.00), that they were to be paid in cash for the sale of the property.

31. On September 1, 2017, Plaintiff(s) advised, by email, Defendant Ross, Sonnenberg and Berkshire that the twelve-thousand and five-hundred dollars ($12,500.00) in cash was available for the purchase of the property at issue.

32. Defendant Ross's, Sonnenberg and Berkshire, contacted the Plaintiff(s) by phone to meet with them at Sonnenberg's home at 209 Oakview Drive, Edgewood, Allegheny County, Pennsylvania 15218 on September 3, 2016.

33. On September 3, 2017, Plaintiff(s) drove to Sonnenberg's home located at 209 Oakview Drive, Edgewood, Allegheny County, Pennsylvania 15218 to deliver to Defendant Ross's, Sonnenberg and Berkshire the twelve-thousand and five-hundred dollars ($12,500.00) in cash for purchase of the property located at 1922 Kenneth Avenue, Arnold, Westmoreland County, Pennsylvania 15068, at which time, Defendant Richard S. Ross wrote a written receipt for the cash payment of twelve-thousand and five-hundred dollars ($12,500.00) splitting the payments into five-thousand dollars ($5,00.00) towards the realty and seven-thousand five hundred dollars ($7,500.00) towards the personality of the hollow property at issue, under the auspice, Defendant Ross's, Sonnenberg and Berkshire would continue to negotiate with the mortgage company on the sale of the property using what was left over as cushion.

34. Plaintiff(s) did not sign or execute the hereinabove Receipt, which was fraudulently drafted by Defendant Richard S. Ross purportedly showing how the amounts would be appropriated for negotiation purposes of the mortgage company.

5

35. Additionally, Sonnenberg and Berkshire requested that five-hundred dollars ($500.00) of the twelve-thousand five hundred dollars ($12,500.00) cash turned over to them for the sale of the property at the home of Sonnenberg, be made out in a check made payable to Berkshire for the "hand money" or "earnest money" on the property at issue.

36. Neither Plaintiff(s) had any checks and, as a result, Defendant Ross's wrote Sonnenberg and Berkshire a check for the hand money or earnest money on that date.

37. Sonnenberg and Berkshire released to Plaintiff(s) the keys to the property at issue this date and assured the Plaintiff(s) the sale of the property was imminent, and both Plaintiff(s) would be able to move into the property, at issue, this date.

38. The condition of the property was hollow, deplorable, inhabitable and was not move in ready.

39. Plaintiff(s) expended significant sums of money in order to make the property into a livable condition.

40. Shortly thereafter, on or about November 16, 2017, Defendant Ross's requested Plaintiff Gerald S. Lepre, Jr. to meet up with Defendant Ross's, at the ACE Hotel, East Liberty, Allegheny County, Pennsylvania; wherein, Defendant Ross's proposed a fraudulent and back dated rental agreement for September 1, 2017, to Plaintiff Gerald S. Lepre, Jr., for both Plaintiff(s) to execute, under the auspice that if the mortgage company understood that both Plaintiff(s) were living in the premises, they would be more willing to accept the twelve-thousand and five-hundred dollar ($12,500.00) offer on the sale of the property from them, which was fraudulent, false, misleading and deceptive.

41. At this time, Plaintiff Gerald S. Lepre, Jr., objected to Defendant Ross's fraudulent, false, misleading and deceptive rent proposal under the auspice that it did not make any sense and Plaintiff's would not be signing a rental agreement because it was never a part of the deal.

42. Defendant Richard S. Ross stated it did not mean anything other than showing the mortgage company that we were living at the property to place Plaintiff's in a more advantageous position with negotiations, which was fraudulent, false, misleading and deceptive.

43. That night, Plaintiff Gerald S. Lepre, Jr. brought the rental agreement back home to Plaintiff Jessica L. Weiss and advised her what Defendant Richard S. Ross had conveyed to him.

44. Plaintiff Jessica L. Weiss advised Plaintiff Gerald S. Lepre, Jr. that she would not sign the rental agreement unless she got something from Defendant Richard S. Ross in writing stating that the rental agreement did not mean the sale agreement monies would be appropriated towards rental of the property and it did not mean we were under an obligation of rent, insomuch as, if the sale of the property was not to go through, both Plaintiff(s) requested, they be refunded the monies tendered for the property, to put the money towards another home or mortgage.

45. It was never either of Plaintiff(s) intentions to rent any property from Defendant Ross's, but more specifically, this property at issue.

46. Defendant Richard S. Ross, later that night, advised both Plaintiff(s) that the backdated rental agreement meant nothing, and it was "just for show" to the mortgage company, by way of, a text message to Plaintiff's, which was fraudulent, false, misleading and/or deceptive.

47. As a result, both Plaintiff(s) signed the back dated rental agreement that was fraudulently proposed by Defendant Ross's under the auspice it was "just for show" and had no

7

additional meaning; however, Defendant Ross's are attempting to utilize the same in order to protect him in this bankruptcy action, which is a fraud now being perpetrated on the Court.

48. Approximately, one (1) month later, Defendant Ross's fraudulently announced the negotiations with the mortgage company had broken down and that they were not willing to accept the twelve-thousand and five-hundred dollar ($12,500.00) offer by the Plaintiff(s).

49. As a result, Berkshire, came to the property at issue and removed their signage from the property, which fraudulently, falsely and deceptively offered it for sale to the general public.

50. Defendant Ross asserted the mortgage company counter-offered at approximately fifty-thousand dollars ($50,000.00) for the sale of the property at issue and that Sonnenberg and Berkshire would be releasing the hand money or earnest money back to the Plaintiff(s) upon their execution of a termination agreement for the sale of the property.

51. Plaintiff(s) refused to terminate the sale of the property and made demands for the return of the sales agreement cash of twelve-thousand and five-hundred dollars ($12,500.00), which was turned over to Defendant Ross's, Sonnenberg and Berkshire on September 3, 2016 at Sonnenberg's residence in Edgewood; wherein, Sonnenberg and Berkshire claimed they did not have possession of the same and, furthermore, Defendant Ross's were in possession of the same, which Plaintiff(s) needed to retrieve it from.

52. Defendant Richard S. Ross, Sonnenberg and Berkshire, at no time, relative hereto, returned the twelve-thousand and five-hundred dollars ($12,500.00) to the Plaintiff(s) after repeated demand was made to them under his improper belief that they/he was going to keep the same for rent.

53. It was further noted, to the Plaintiff(s) over the telephone by the Defendant, that he believed both Plaintiff(s), had some sort of rental agreement with him despite his fraudulent assurances no rental agreement existed or was in effect.

54. Plaintiff(s) vehemently denied the rental agreement existed and insisted it was nothing more than a ploy to designed by Defendant Richard S. Ross, to fraudulently and deceptively bilk or swindle Plaintiff(s) and to keep the purchase price and/or cash paid by Plaintiff's for the sale property at issue.

55. It is asserted that the Defendant Richard S. Ross's fraudulent, false, misleading and deceptive conduct herein was designed solely to swindle, bilk and keep Plaintiff(s) twelve-thousand and five-hundred ($12,500.00) cash paid, by the Plaintiff(s) at issue, without ever selling the property.

56. Moreover, Debtor advised that Plaintiff's that "they were going to blow up the deal".

57. It is asserted that Defendant Ross', Sonnenberg and Berkshire, herein knew, known or should have known the mortgage company would never accept a twelve-thousand and five-hundred dollar ($12,500.00) offer on a home in a mortgage judgment foreclosure in the amount of eighty-six thousand, three-hundred, forty-nine dollars and eighty-two cents ($86,349.82).

58. Defendant fraudulently, falsely and deceptively claims the sale agreement monies was rent owed to him for the habitation of the property; however, Debtor does not own the property at issue and seeks to be compensated, for the fraudulent, false, misleading and deceptive conduct which he engaged, by the Plaintiff(s) in that regard, which should shock the conscious of this Honorable Court.

9

59. Furthermore, the mortgage company failed to receive that twelve-thousand and five-hundred-dollar ($12,500.00) payment Defendant Ross's received for the sale of the property at issue, which should also shock the conscious of this Honorable Court.

60. This all happened within less than one (1) year prior to Defendant seeking Chapter 7 Bankruptcy Relief.

61. Additionally, Defendant Richard S. Ross's wife is also involved in this fraudulent, false, misleading and deceptive conduct as outlined more particularly hereinabove.

62. As a result of the fraudulent, false, misleading and deceptive conduct of Defendant Richard S. Ross named herein, both Plaintiff(s) have suffered injuries and damages, including but not limited to, the opportunity to purchase a home at twelve-thousand and five-hundred dollars ($12,500.00).

63. That the conduct of Defendant Richard S. Ross named herein, was intentional, malicious, deliberate, wanton, as well as, fraudulent, false, misleading and deceptive, designed solely to swindle and bilk the Plaintiff(s) in the sale of a property he did not own and/or the cash in the amount of twelve-thousand and five-hundred dollars ($12,500.00).

64. Plaintiff(s) justifiably relied on Defendant Ross's fraudulent, false, misleading and deceptive conduct to their detriment based on Defendant Richard S. Ross's and Sonnenberg's repeated assurances of representation and they were in fact practicing lawyers in this Commonwealth, which abused their position(s) of trust.

65. That Defendant Richard S. Ross had a fiduciary duty as an attorney of the Plaintiff(s) and an officer of the court, to ensure the laws of this Commonwealth of Pennsylvania, were being upheld throughout this property transaction.

66. That Defendant Richard S. Ross had a fiduciary duty as an attorney of the Plaintiff(s) and an officer of the court, to ensure the laws of this Commonwealth of Pennsylvania, were being upheld throughout this property transaction and the money he held in trust was in an escrow account pending disposition of the sale.

### COUNT I
### NON-DISCHARGEABILITY UNDER
### SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

67. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 65 of this Complaint as if set forth at length herein.

68. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that: (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-- (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -- (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

69. All or part of the debt owed to plaintiff, as evidenced by the actions, inactions, errors, commissions and/or omissions including their sales agreement entered between Plaintiff's and the Debtor, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

### COUNT II
### NON-DISCHARGEABILITY UNDER
### SECTION 523(a)(4) OF THE BANKRUPTCY CODE

70. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 68 of this Complaint as if set forth at length herein.

11

71. Bankruptcy Code § 523(a)(4) provides, in relevant part, that: (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

72. All or part of the debt owed to plaintiff, as evidenced by the actions, inactions, errors, commissions and/or omissions including their sales agreement entered between Plaintiff's and the Debtor, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

## COUNT III
## NON-DISCHARGEABILITY UNDER
## SECTION 523(a)(6) OF THE BANKRUPTCY CODE

73. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 71 of this Complaint as if set forth at length herein.

74. Bankruptcy Code § 523(a)(6) provides, in relevant part, that: (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— . . . (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

75. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

## COUNT IV
## OBJECTION TO DEBTOR'S DISCHARGE UNDER
## SECTION 727(a)(3) OF THE BANKRUPTCY CODE

76. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 74 of this Complaint as if set forth at length herein.

12

77. Bankruptcy Code § § 727(a)(3) provides that: (a) The court shall grant the debtor a discharge, unless . . . (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

78. All or part of the debt owed to plaintiff, as evidenced by the actions, inactions, errors, commissions and/or omissions including their sales agreement entered between Plaintiff's and the Debtor, is non-dischargeable as it is a debt based on concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

79. Debtor has falsified, concealed, destroyed, mutilated, failed to keep or preserve recorded information, including books, documents, records and paper, from which the debtor's financial condition or business transactions might be ascertained.

80. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3).

81. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 74 of this Complaint as if set forth at length herein.

82. Bankruptcy Code § 727(a)(4)(A) provides that: (a) The court shall grant the debtor a discharge, unless --- (4) the debtor knowingly and fraudulently, in or in connection with the case -- (A) made a false oath or account

83. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented in the Statement of Financial Affairs attached to his

13

Petition that his income from employment was far lower, when in fact his actual income was much greater.

84. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented in the Statement of Financial Affairs attached to his Petition that his income from employment or operation of business was lower, when in fact his actual income was much greater.

85. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he failed in the Statement of Financial Affairs attached to his Petition to provide required information about the nature, names, taxpayer identification numbers, locations, and beginning and end dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession or other activity either full or part-time within six years immediately preceding the commencement of the case.

86. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

**WHEREFORE**, Plaintiff Gerald S. Lepre, Jr. and Plaintiff Jessica L. Weiss, respectfully request that this Honorable Court enter a Judgment determining that the debt reflected in this bankruptcy action, is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)6) or, in the alternative, denying the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A), and granting such other and further relief as this Honorable Court may deem just and proper considering the circumstances of this case.

Respectfully submitted:

_____
Gerald S. Lepre, Jr.

_____
Jessica L. Weiss
1922 Kenneth Avenue
Arnold, PA 15068
Phone: 1 (412) 526-7321
Phone: 1 (412) 927-7511
Email: leprejrlaw@gmail.com
Email: j.weiss23@yahoo.com

Case 18-02233-JAD    Doc 1    Filed 12/11/18    Entered 12/11/18 14:21:27    Desc Main
Document    Page 18 of 18

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2018, a true and correct copy of the foregoing Adversary Complaint was served by email and first-class mail, upon the following:

Donald R. Calaiaro, Esquire
Calaiaro | Valencik
The Lawyers Building
428 Forbes Avenue, 9th Floor
Pittsburgh, PA 15219

Jeffrey J. Sikirica, Esquire
Chapter 7 Trustee
121 Northbrook Drive
Pine Township
Gibsonia, PA 15044
trusteesikirica@consolidated.net

_/s/ Gerald S. Lepre, Jr._
Gerald S. Lepre, Jr.

_/s/ Jessica L. Weiss_
Jessica L. Weiss
1922 Kenneth Avenue
Arnold, PA 15068
Phone: 1 (412) 526-7321
Phone: 1 (412) 927-7511
Email: leprejrlaw@gmail.com
Email: j.weiss23@yahoo.com

16